# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONNIE A. BELL, SR.,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
DC-0752-14-0633-I-1

DATE: January 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Heather H. Bell</u>, Youngsville, North Carolina, for the appellant.

<u>Tanisha J. Locke</u>, Charlotte, North Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his suspension for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant alleged that the agency suspended him for 6 weeks and filed an appeal of the suspension before the Board, indicating that he was eligible for veteran's preference under 5 U.S.C. § 2108.  Initial Appeal File (IAF), Tab 1 at 2-3.  The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant lacks appeal rights before the Board because his Form DD-214, which indicated no service-related disability or military service meeting any of the criteria for a "veteran" under section 5 U.S.C. § 2108(1), conflicted with the information in his Form PS-50 showing a veteran's preference.  IAF, Tab 5 at 6-7, 11, 15.  The administrative judge issued an order requiring the appellant to submit evidence and argument to prove that he was entitled to a veteran's preference.  IAF, Tab 6 at 2.  The appellant responded that he had received a five-point veteran's preference to gain employment with U.S. Postal Service and was given veteran's preference in securing a home loan, but offered no explanation regarding his Form DD-214 and provided no evidence demonstrating that he was preference eligible.  IAF, Tab 7 at 1.  In an initial decision issued without holding

a hearing, the administrative judge dismissed the appeal for lack of jurisdiction based on the parties' written submissions because she found that the appellant had failed to raise a nonfrivolous allegation entitling him to a hearing. IAF, Tab 8, Initial Decision (ID) at 3-4. The administrative judge found that, despite the appellant's assertion that he was entitled to a five-point hiring preference based on his military service, his Form DD-214 showed no service-connected disability and service dates from September 21, 1979, to June 19, 1983, a period which did not entitle him to preference-eligible status. ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3      On review, the appellant submitted an additional Form DD-214, showing military service from June 20, 1983, to March 10, 1986, with general discharge under honorable conditions for "misconduct—drug abuse (use)." Petition for Review (PFR) File, Tab 1 at 4. The petition for review makes no statement concerning the appellant's failure to provide this evidence to the administrative judge, but argues that the 6 years of military service shown qualifies him for veteran's preference. *Id*. at 5. The agency submitted a response, arguing that the appellant had not submitted new and material evidence that was not available when the record closed. PFR File, Tab 3 at 5-6. Moreover, the agency argued that the additional military service shown in the supplemental Form DD-214 did not fall within the dates set out in 5 U.S.C. § 2108(1) or qualify under the other criteria to be a preference eligible. *Id*. at 7-8.

¶4      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In order to have appeal rights before the Board, a Postal Service employee: (1) must be an excepted-service, preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) must have completed 1 year of current

continuous service in the same or similar positions. *See* 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a)(4)(A); *Trabue v. U.S. Postal Service*, 102 M.S.P.R. 14, ¶ 5 (2006). A preference-eligible veteran includes an individual who served on active duty in the armed forces during specific periods of time, and who has been discharged or released from active duty in the armed forces under honorable conditions. 5 U.S.C. § 2108(1)(C), (3)(A)-(B). A disabled veteran is also preference eligible. 5 U.S.C. § 2108(3)(C). A disabled veteran means an individual who served on active duty in the armed forces, was separated under honorable conditions, and has an established service-connected disability. 5 U.S.C. § 2108(2).

¶5      The appellant bears the burden of proof of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a hearing if he raises a nonfrivolous allegation of Board jurisdiction over his appeal. *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Based on the record before her, the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that he is preference eligible as defined in 5 U.S.C. § 2108, because the Form DD-214 submitted by the agency showed military service from September 21, 1979, to June 19, 1983, dates which fall outside of the specific periods stated in section 2108(1). Although the appellant made no argument that the supplemental Form DD-214 he submitted on review was unavailable to him prior to the close of the record, we note that this evidence is immaterial because the dates of military

service evidenced in this document do not correspond with any of the time periods established in section 2108(1). Thus, we find that the appellant has failed to make a nonfrivolous allegation that he is a preference-eligible veteran by nature of his dates of service or disability rating under 5 U.S.C. § 2108, and therefore has not adequately alleged any appeal rights before the Board.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.